**UNITED STATES of America, Plaintiff—Appellee,**

v.

**David Javier MARTINEZ–REYES, aka Javier Martinez, aka Javier David Martinez, aka David Javier Reyes, Defendant—Appellant.**

**No. 10–50144.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2011.

Filed March 2, 2011.

Rupa Searight Goswami, Esquire, Michael J. Raphael, Esquire, Jennifer M. Resnik, Assistant U.S. Attorneys, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Alexandra Wallace Yates, Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, RAWLINSON, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Appellant David Martinez–Reyes (Martinez–Reyes) appeals his sentence of fifty-

five months' imprisonment, following his guilty plea to being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326.

There was no procedural error because the district court properly calculated the Guideline range, treated the Guidelines as advisory rather than mandatory, applied the 18 U.S.C. § 3553(a) factors, and adequately explained its reasons for selecting the sentence imposed. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). The district court's skepticism regarding the conclusion of the immigration expert did not constitute procedural error because the sentence was not *based on* any clearly-erroneous factual finding regarding that issue. *See id.*

The sentence imposed was not substantively unreasonable under the totality of the circumstances. *See id.* Martinez–Reyes' argument regarding the disparity between his sentence and sentences typically imposed upon similarly-situated defendants who accept fast-track plea agreements is not persuasive. *See United States v. Gonzalez–Zotelo,* 556 F.3d 736, 740 (9th Cir.2009) (holding that sentencing disparities created by Congressionally-approved fast-track plea bargaining programs are not unwarranted).[1]

Martinez–Reyes concedes that binding precedent forecloses his remaining arguments. Assault with a deadly weapon or force likely to produce great bodily injury, in violation of California Penal Code § 245(a)(1), is categorically a crime of violence under U.S.S.G § 2L1.2(b)(1)(A)(ii).

by 9th Cir. R. 36–3.

1. Martinez–Reyes also contended at oral argument that the district court's imposition of a sentence greater than the average fast-track sentence punished him for exercising his constitutional right to reject a plea agreement. This contention lacks merit. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT

*See United States v. Grajeda,* 581 F.3d 1186, 1197 (9th Cir.2009). The use of a defendant's prior conviction to increase a sentence, pursuant to 8 U.S.C. § 1326(b)(2), need not be alleged in the indictment nor proved to a jury beyond a reasonable doubt. *See Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *see also Grajeda,* 581 F.3d at 1197 (holding that *Almendarez–Torres* remains good law).

**AFFIRMED.**

Act), section 401(m)(2)(B), P.L. 108–21, 117 Stat. 650, 675 (2003) (directing the United States Sentencing Commission to promulgate "a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program …").